

**ORDERED in the Southern District of Florida on August 5, 2019.**

Laurel M. Isicoff
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                  Case No.   16-13518-BKC-LMI

JAMES JUNIOR WARRING,                               Chapter  13

        Debtor.
_____/

### ORDER ON MOTION OF CREDITOR MCCORMICK 105, LLC FOR AWARD OF POST-PETITION ATTORNEY'S FEES

This matter came before the Court on July 2, 2019 at 9:30 a.m. on Motion of Creditor McCormick 105, LLC for Award of Post-Petition Attorney's Fees (ECF #269) (the "Attorney Fee Motion").  The Court has considered the Attorney Fee Motion, the arguments of counsel, and the Debtor's Supplemental Response in Opposition to Creditor McCormick 105, LLC's Objection to Debtor's Modified Plan and Motion for Award of Post-Petition Attorney's Fees (ECF #282)(the "Objection"), as well as applicable law, and has determined it is appropriate to award Secured Creditor McCormick 105, LLC ("Secured Creditor") $3,997.50 in post-petition fees through April 24, 2019  and $30.00 in expenses to be paid by the Debtor through his Chapter 13 plan.

The Court has reduced the requested fees significantly. There are several reasons. First, the Secured Creditor's counsel seeks fees that are clearly not covered under the terms of the Mortgage.[1] For example, the Secured Creditor seeks to charge the Debtor for fees relating to the sale of a property that is not subject of the Secured Creditor's security interest. Second, the Secured Creditor seeks to charge the Debtor for monitoring the bankruptcy case and communicating information to the client. While the Court agrees that it is appropriate under the attorney fee provision of the mortgage (if it is still effective) to charge for reviewing subsequent modified plans and conveying that information to the client, that should take no more than .3 hours, by one attorney, for each modified plan, assuming there is no change of treatment. In this case Secured Creditor's counsel has not only reviewed each modified plan, but filed objections, for reasons that are unclear, since, according to the Debtor, the Secured Creditor's treatment (other than adding the attorney fees) has not changed. Third, much of the fees sought by the Secured Creditor, to the extent that fees are covered under the Mortgage, are unreasonable. For example, the Secured Creditor seeks to charge the Debtor the cost of an associate learning about basic aspects of bankruptcy. While that may be appropriately charged to the client, it is not appropriate to charge the Debtor. Moreover, there were many tasks for which there was far too much work spent, or the entries appear to be duplicates, or there was unnecessary multiple reviews by other parties. It is hard to understand why one senior attorney was reviewing and revising the work of another senior attorney. Fourth, it was not appropriate to charge the Debtor for any work relating to whatever was going on in the state court post sale. Finally, the Court

---

[1] The Debtor did not object to the claim of fees on the basis that, since there is no longer a mortgage, but only a judgment, that the attorney fee clause of the mortgage no longer applies to either party. Thus, the Court has made no finding, whether, and to what extent, the attorney fee provision survives foreclosure. The Court notes that the prior fee dispute was based on an acknowledgment by both parties that the appellate process preserved the attorney fee provision for purposes of that dispute.

agrees that it is not reasonable to charge the Debtor for efforts made to get the Debtor to pay any fees as a lump sum.  Bankruptcy law on this issue is very clear; once the Debtor said "no" that should have been the end of it.

However, the Court does not agree with the Debtor that no fees are due.  There were some post fee hearing issues, including setoff, that required some work on the part of the Secured Creditor's counsel, as well as minimal allowance (as noted) for monitoring the case to make sure there were no changes made to plan treatment. Going forward, unless the Debtor seeks to modify the Secured Creditor's treatment adversely, the Court does not expect that any time, other than the minimal monitoring necessary, will be required.  Of course, counsel for Secured Creditor must protect its client's interest in the way counsel believes is appropriate.  That does not mean, however, that that expense can be passed on to the Debtor.

The Court has disallowed all expenses other than the Court Call cost.  It is absolutely NOT appropriate to seek payment from the Debtor for lunch costs.  Since parking costs were not separately identified the Court will not allow these charges.  As for copy costs, because the Secured Creditor inappropriately sought expenses relating to the state court case, this Court cannot determine what charges were associated with the bankruptcy case.  Finally, the Court finds that almost none of the research done by counsel is chargeable against the Debtor. Consequently, the research charges are not allowable against the Debtor.

# # #

Copies furnished to:
Nicholas G. Rossoletti, Esq.

Attorney Rossoletti shall serve a copy of this Order upon all parties in interest and file a certificate of service with the clerk of court.